No. 11,267.

THE PEOPLE v. CENTRAL SAVINGS BANK AND TRUST CO.

Decided June 1, 1925.

Controversy over mortgaged property. Judgment for mortgagee.

*Affirmed.*

*On Application for Supersedeas.*

1. CHATTEL MORTGAGE—*Sale.* Where mortgagor sold part of the mortgaged property and turned over the proceeds to an agent of the mortgagee who misappropriated the funds, the mortgagee having no knowledge of the transaction, the mortgage lien was not lost on the ground that the mortgagor was permitted to sell a part of the property without applying the proceeds to the payment of the mortgaged debt.

2. PRINCIPAL AND AGENT—*Authority of Agent.* A principal is not bound by the acts of his agent acting without the scope of his authority.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, Messrs. COEN & SAUTER, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE people of the state of Colorado brought an action against one C. R. McDowell, and others, and levied an at-

tachment upon wheat, belonging to McDowell. The Central Savings Bank & Trust Company intervened, and claimed a superior lien upon the wheat by virtue of a chattel mortgage. Upon trial, its claim was upheld by the court. Plaintiff sued out this writ, and applies for a supersedeas.

The only question presented is the validity of the chattel mortgage held by intervener. The only ground upon which its validity is assailed is that, as plaintiff claims, the mortgagee consented to the sale of a part of the property mortgaged without having the proceeds applied to the payment of the mortgage debt. The intervener contends that it did not so consent. So the question ultimately is, did it consent?

On November 8, 1922, defendant McDowell executed a promissory note in favor of the Fleming State Bank in the sum of $3,830, and to secure the same gave to the bank a chattel mortgage covering certain livestock, farming implements, and a one-half interest in growing wheat. The note and mortgage was transferred to the intervener. The Fleming State Bank was the agent of the intervener in making collections upon the note. The mortgagor was permitted by the agent to sell certain hogs for about $50, and certain cows for about $85. The agent collected this money, without the knowledge of his or its principal, the intervener, and the president of the agent bank appropriated the money to his own use, instead of sending it to the intervening bank. Had it been so sent, the intervener would have applied it to the payment of the mortgage debt.

Under the facts above stated, it must be held that the mortgagee did not consent to the sale of any part of the mortgaged property without having the proceeds applied to the payment of the mortgage debt. True, the agent so consented, but he had no authority so to do. When the president of the agent bank appropriated the money to his own use, he was acting for himself only, adversely to his principal, and the principal is not chargeable with notice

as to how he applied the proceeds. Of course, so far as the mortgagor is concerned, payment to the agent was payment to the principal, and the mortgagor is protected. But this situation does not enable an attaching creditor to claim that the mortgagee consented to the sale of the mortgaged property without having the proceeds applied to the payment of the mortgage debt. There was no error in holding the mortgage valid.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.